UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-577-FDW

| | |
|---|---|
| WILLIAM CARAWAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| FNU MITCHELL, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). On September 14, 2016, this Court entered an order granting Plaintiff in forma pauperis status and waiving the initial filing fee. (Doc. No. 8).

**I.     BACKGROUND**

Pro se Plaintiff William Carawan, Jr., is a North Carolina prisoner incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. Plaintiff filed this action on July 26, 2016, pursuant to 42 U.S.C. § 1983, naming as Defendants (1) FNU Mitchell, identified as the Superintendent at Lanesboro Correctional Institution; and (2) FNU Bird, identified as the Chaplain at Lanesboro. (Doc. No. 1). Plaintiff alleges the following in the Complaint:

> On February 28, 2015, Plaintiff asserted his right to practice zakat (charity) in accordance with Islam but was forced by policy to withhold that charity even though it is an Islamic pillar. Other camps use the zakat fund through the canteen but Mr. Mitchell and Chaplain Bird both refuse to provide means for the zakat fund in order for Muslims to practice charity which policy otherwise forbids w/o the fund, which creates the least restrictive means for us to practice charity. This violates the First and Fourteenth Amendment rights as well as the Religious Land Use and Institutionalized Persons Act.

(Id. at 2-3). As relief, Plaintiff seeks declaratory and injunctive relief and damages. (Id. at 7).

1

Plaintiff specifically seeks an order from the Court instructing Lanesboro officials to "initiate the zakat fund and keep it running as long as it is active." (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff alleges that, by refusing to institute a zakat fund at Lanesboro, Defendants violated Plaintiff's First Amendment right to the free exercise of his religion (Islam), and his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq.[1] Beginning with plaintiff's RLUIPA claim, RLUIPA provides, in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability,

---

[1] Plaintiff also purports to bring a separate "due process" claim under the Fourteenth Amendment. Because Plaintiff's First Amendment right to exercise his religion arises through the due process clause of the Fourteenth Amendment, the Court therefore analyzes this claim as part and parcel of his First Amendment claim.

2

unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). "RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005). Under RLUIPA, the plaintiff bears the initial burden of showing that the challenged policy substantially burdens his exercise of his religion. See 42 U.S.C. § 2000cc-2(b); Holt v. Hobbs, 135 S. Ct. 853, 862 (2015). The statute defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); Smith v. Ozmint, 578 F.3d 246, 251 (4th Cir. 2009). A "'substantial burden' is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs, [] or one that forces a person to choose between following the precepts of her religion and forfeiting governmental benefits, on the one hand, and abandoning one of the precepts of her religion on the other hand." Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quotations, citation, and alterations omitted).

Once the inmate makes a prima facie showing, the burden shifts to the government to prove that "the burden in question is the least restrictive means of furthering a compelling governmental interest." Ozmint, 578 F.3d at 250. "'RLUIPA adopts a . . . strict scrutiny' standard." Couch v. Jabe, 679 F.3d 197, 203 (4th Cir. 2012) (quoting and citing Lovelace, 472 F.3d at 198 n.8). Under RLUIPA, the court must give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Cutter, 544 U.S. at 723 (quotation omitted). "However, 'a court should not rubber

stamp or mechanically accept the judgments of prison administrators.' . . . Rather, due deference will be afforded to those explanations that sufficiently 'take[] into account any institutional need to maintain good order, security, and discipline.'" Couch, 679 F.3d at 201 (quoting Lovelace, 472 F.3d at 190).

As for Plaintiff's First Amendment claim, the Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. CONST. amend. I. The Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In deciding whether a defendant's actions can be sustained as reasonably related to legitimate penological interests, the court must consider the following four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate penological interest; (2) whether there are alternative means of exercising the right in question that remain open to prisoners; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and (4) whether ready alternatives exist which accommodate the right and satisfy the penological interest. See Turner, 482 U.S. at 89-90. Claims brought under the First Amendment are subject to a less demanding standard of proof than claims brought under RLUIPA, with RLUIPA claims requiring "strict

scrutiny instead of reasonableness." See Lovelace, 472 F.3d at 199 n.8.

The Court finds that Plaintiff's claims are not clearly frivolous and therefore survive initial review. To the extent, however, that Plaintiff seeks injunctive relief, that claim is moot because Plaintiff has been transferred away from Lanesboro.

**IV.     CONCLUSION**

For the reasons stated herein, the Court finds that Plaintiff's claims survive initial screening by the Court in that they are not clearly frivolous.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action survives initial review under 28 U.S.C. § 1915(e).

2. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

Signed: February 28, 2017

Frank D. Whitney
Chief United States District Judge